UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD CHRISTOPHER GALKA,

                Petitioner,

                                                  Case No. 08-13800

v.                                          Honorable David M. Lawson

PAT CARUSO,

                Respondent.

_____/

## ORDER TRANSFERRING SECOND OR SUCCESSIVE HABEAS PETITION TO THE UNITED STATES COURT OF APPEALS

The petitioner, Edward Christopher Galka, presently on parole from the Michigan Department of Corrections, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his guilty-plea-based conviction of attempting to pass a false title to a motor vehicle. The petitioner was convicted of that crime in the Oakland County, Michigan circuit court and was sentenced to a prison term of seven months to twenty years. He alleges that his rights under the Fourteenth Amendment were violated when the state judge refused to allow him to withdraw his guilty plea, and his custody sentence violates the Eighth Amendment. Because the petitioner filed a prior habeas corpus petition in this District arising from this sentence, his pending petition will be transferred to the court of appeals as a second or successive petition.

On January 26, 2006, the petitioner pleaded guilty to giving a false statement in an application for certificate of title to a motor vehicle in violation of Michigan Compiled Laws section 257.254. On February 16, 2006, the Oakland County circuit judge who accepted the guilty plea sentenced the petitioner as a habitual offender, fourth offense, to imprisonment for seven months to twenty years. The petitioner sought leave to appeal from the Michigan Court of Appeals on

grounds of plea agreement violations, improper venue, and ineffective assistance of counsel, which that court denied "for lack of merit in the grounds presented." *See People v. Galka*, No. 276324 (Mich. Ct. App. Apr. 6, 2007).  On September 10, 2007, the Michigan Supreme Court denied leave to appeal because it was not persuaded that the questions presented should be reviewed by the court. *See People v. Galka*, 480 Mich. 858, 737 N.W.2d 700 (2007).

It appears that the incident in the present case spanned the jurisdictions of two Michigan counties.  The petitioner leased a vehicle under an alias in Wayne County and applied for title to this vehicle in Oakland County.  He argued in the state court of appeals that his attorney was incompetent for failing to seek a change of venue to Wayne County, where, the petitioner believes, he would not have been incarcerated for his crime.  That belief also nourishes his argument that his Oakland County sentence of custody violates the Eighth Amendment.

Besides the conviction in Oakland County, the petitioner was also convicted of another violation of Michigan Compiled Laws section 257.254 in the Macomb County, Michigan circuit court in 2006.  He was sentenced to a term of nine-months to ten years for that conviction.  Then, on June 22, 2006, the Michigan Parole Board decided to release the petitioner on parole for a period of eighteen months, beginning on July 20, 2006.  However, on July 28, 2006, the Parole Board rescinded its earlier decision to release the petitioner, citing as the reason a pending investigation into the petitioner's alleged violations of certain federal statutes.

In 2007, the petitioner filed a habeas corpus petition challenging the Michigan Parole Board's decision to rescind his parole.  The petitioner did not attack the underlying convictions, one of which is the one under attack here, but there is no apparent reason that he could not have done so in that case.  Then-Chief United States District Judge Bernard A. Friedman denied the habeas

petition on the merits. *See Galka v. Booker*, No. 07-12271 (E.D. Mich. Nov. 7, 2007). The United States Court of Appeals for the Sixth Circuit denied the petitioner's request for a certificate of appealability. *See Galka v. Booker*, No. 07-2471 (6th Cir. July 21, 2008).

The petitioner filed the present habeas corpus petition on September 4, 2008. An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

The term "second or successive petition" has been found to be a term of art, which is not to be interpreted literally. *See Slack v. McDaniel*, 529 U.S. 473, 486 (2000). Rather, the term is intended to implement the abuse-of-the-writ doctrine. *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006). A petition is considered successive if it "raises a claim that could have been raised in the first

petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *Ibid.* Therefore, if the prisoner could have discovered the factual predicate to his new claim at the time he filed his first petition, the petition is successive within the meaning of 28 U.S.C. § 2244(b)(3)(A). *In re Siggers*, 132 F.3d 333, 338 (6th Cir. 1997).

The petitioner could have challenged his conviction and raised his pending claims in his prior habeas petition. At the time of his first petition, his guilty plea and sentence in the Oakland County court and any complaint about counsel's performance were all – or should have been – apparent to the petitioner and could have been raised along with the parole decision issue in the first habeas petition. Instead, the petitioner chose not to address these matters in his first petition, discussing only the parole rescission. Courts have held generally that where the first habeas petition challenges a conviction and sentence, the subsequent petition that challenges the parole decision is considered "second or successive" habeas petition requiring the transfer to the court of appeals. *See Benchoff v. Colleran*, 404 F.3d 812, 817-18 (3d Cir. 2005) (holding that a petition challenging the denial of parole was a "second and successive" petition where the claim was ripe and could have been raised in an earlier habeas petition challenging the underlying conviction); *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003) (regarding as "successive" the prisoner's habeas petition alleging that his sentence should have been credited for out of custody period following his erroneous early release where the prisoner's first petition challenged his underlying convictions). A stronger basis for finding a "successive petition" exists when the reverse is true, as here, when the first petition challenges a parole decision and fails even to mention alleged defects in the underlying conviction. These are just the sort of serial filings that the abuse-of-the-writ doctrine was meant to prohibit, *see*

*McCleskey v. Zant*, 499 U.S. 467, 493-95 (1991), and which were formalized in 28 U.S.C. § 2244(b)(3)(A).

The petitioner cannot proceed with the issues raised in the present petition without first acquiring permission to file a second or successive habeas petition from the court of appeals. Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the court of appeals pursuant to *Sims* and 28 U.S.C. § 1631.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DENIED without prejudice** for want of jurisdiction.

It is further **ORDERED** that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

                                               s/David M. Lawson
                                               DAVID M. LAWSON
                                               United States District Judge

Dated: February 18, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 18, 2009.

                             s/Felicia M. Moses
                             FELICIA M. MOSES